UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>MARYANN McLEOD CRUSH,<br><br>Debtors. | CHAPTER 11<br>CASE NO. 09-15351-FJB |

PLAN OF REORGANIZATION

MaryAnn McLeod Crush, hereby propose to her creditors the following Plan of Reorganization pursuant to the provisions of Section 1121(a) of Title 11 of the United States Code.

ARTICLE I

DEFINITIONS

For the purposes of the Plan the following definitions shall apply:

1.1     "Allowed Amount" shall mean:

A.     The amount of a Claim that has been allowed by Final Order; or

B.     The amount of a Claim timely filed with the Clerk of the Court or that is listed by the Debtor in her schedules of assets and liabilities filed with the Court (as they may be amended or supplemented from time to time in accordance with Bankruptcy Rule 1009) as undisputed, non-contingent or liquidated as to which Claim (i) no objection to the allowance thereof has been interposed within any period of limitation fixed by the Code, Bankruptcy Rules, Local Bankruptcy Rules or Orders of the Court, or (ii) an objection has been interposed, which objection has been determined by Final Order to the extent that such objection is determined in favor of claimant; or

C.     The amount of a Claim for an administrative expense (i) as to which no objection has been interposed within any period of limitation fixed by the Code, applicable

1

>Bankruptcy Rules, Local Bankruptcy Rules or Orders of the Court, or (ii) as to which Claim an objection has been interposed, which objection has been determined by a Final Order to the extent such objection is determined in favor of a claimant, or (iii) with respect to fees and expenses of professional persons, the amount of such fees and expenses as allowed by Final Order.

1.3    "Claim" shall mean all claims, as defined in Section 101(5) of the Code against the Debtor, of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, matured or unmatured, disputed or undisputed, legal, equitable, secured or unsecured, including all Claims arising from the rejection of executory contracts.

1.4    "Code" shall mean the Bankruptcy Reform Act of 1978 as amended, as applicable to this case.

1.5    "Confirmation Date" shall mean the date on which the Court shall confirm, by Order, the Plan.

1.6    "Court" shall mean the United States Bankruptcy Court for the District of Massachusetts.

1.7    "Creditors" shall mean all creditors of the Debtor holding claims for debts, liabilities, demands, or claims of any character whatsoever, whether unsecured or secured by assets of the Debtor.

1.8    "Debtor" shall mean MaryAnn McLeod Crush.

1.10    "Effective Date of the Plan" shall mean fourteen (14) days after the Order of the Court confirming the Plan becomes a Final Order.

1.11    "Final Order" shall mean an order or judgment that is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

1.12    "Lien" shall mean a mortgage, pledge, judgment lien, security interest, or other encumbrance on Debtor's property which is effective under applicable law as of the Confirmation Date.

1.13    "Plan" shall mean this Plan of Reorganization in its present form or as it may be amended or supplemented.

1.14    "Secured Claim" shall mean all claims secured by liens on property of the Debtor to the extent that such liens are valid, perfected, and enforceable under applicable law, and are not subject to avoidance under the Code or other applicable law and duly established in this case.

## ARTICLE II
### DESIGNATION OF CLASSES OF CLAIMS AND INTEREST

All holders of Claims against or interests in the Debtor shall be bound by the provisions of this Plan and are hereby classified as follows:

2.1    Administrative Claims - All allowed Claims entitled to payment pursuant to Section 507(a) of the Code.

2.2    Priority Claims - All allowed Claims entitled to priority as described in Section 507(a) of the Code, subsections 3 through 7.

2.3    Tax Claims - All allowed Claims asserted against the Debtor by governmental entities to the extent that such Claims are entitled to priority under Section 507(a)(8) of the Code.

2.4    Class One Claims - All allowed Unsecured Claims without priority as described in Section 726(a)(2) of the Code.

2.5    Class Two Claim – The allowed Secured Claim of Mt. Washington Bank secured by a first mortgage on real estate at 948 E. Broadway, South Boston, Massachusetts.

2.6     Class Three Claim – The allowed Secured Claim of Mt. Washington Bank secured by a second mortgage on real estate at 948 E. Broadway, South Boston, Massachusetts.

2.7     Class Four Claim – The allowed Secured Claim of Mt. Washington Bank secured by a first mortgage on the real estate at 305 K Street, 314 K Street, 917 E. Broadway, 427 E. Sixth Street and 567 E. Sixth Street, all of South Boston, Massachusetts.

2.8     Class Five Claim –  The allowed Secured Claim of American Express Centurion Bank secured by a judicial lien on the Debtor's real estate in Suffolk County, Massachusetts.

2.9     Class Six Claim – The allowed Secured Claim of Deutsche Bank Trust Company secured by a mortgage on real estate at 595 – 595A E. Sixth Street, South Boston, Massachusetts.

2.10    Class Seven Claim – The allowed Secured Claim of Danversbank secured by real estate at 52 H Street, South Boston, Massachusetts.

2.11    Class Eight Claim – The allowed Secured Claim of Bayview Mortgage Company, Inc. secured by real estate at 64 Edward Road, Marshfield, Massachusetts.

2.12    Class Nine Claim – The allowed Claim of the Town of Marshfield secured by a judicial lien on the real estate at 64 Edward Road, Marshfield, Massachusetts.

ARTICLE III

PAYMENT OF ADMINISTRATIVE CLAIMS

All allowed Administrative Claims pursuant to 11 U.S.C. Sec. 507(a)(1) shall be paid in full on the Effective Date of the Plan unless otherwise agreed.

ARTICLE IV

PAYMENT OF PRIORITY CLAIMS

Other than as indicated elsewhere in the Plan, there are no priority claims.

4

ARTICLE V

PAYMENT OF TAX CLAIMS

The real estate tax claims of the City of Boston shall be paid in full on the Effective Date. The Debtor is unaware of any other tax claims.

ARTICLE VI

TREATMENT OF OTHER CLAIMS AND INTERESTS

6.1     Class One – This Class consists of all allowed unsecured claims. The claims in this Class shall be paid in full on the Effective Date. This Class shall include the claims of the Town of Marshfield and Bayview Mortgage Company, Inc. to the extent that their claims are not satisfied out of their liens. The claims in this Class are unimpaired.

6.2     Class Two – The allowed Secured Claim of Mt. Washington Bank secured by a first mortgage on the real estate at 948 E. Broadway, S. Boston, Massachusetts will be paid by way of monthly payments in the ordinary course of business pursuant to the agreement between the parties. This Class is unimpaired.

6.3     Class Three – The allowed Secured Claim of Mt. Washington Bank secured by a second mortgage on the real estate at 948 E. Broadway, S. Boston, Massachusetts will be paid by way of monthly payments in the ordinary course of business pursuant to the agreement between the parties. This Class is unimpaired.

6.4     Class Four – The allowed Secured Claim of Mt. Washington Bank secured by a first mortgage on the real estate at 305 K Street, 314 K Street, 917 E. Broadway, 427 E. Sixth Street and 567 E. Sixth Street, all located in S. Boston, Massachusetts shall be paid in full on the Effective Date. This Class is unimpaired.

6.5     Class Five –    The allowed Secured Claim of American Express Centurion Bank secured by a judicial lien on the Debtor's real estate in Suffolk County will be satisfied in full by the payment of $94,634.21 on the Effective Date. Upon payment, American Express Centurion

Bank shall deliver the appropriate paperwork to the Debtor satisfying and discharging its lien. This Class is unimpaired.

6.6     Class Six - The allowed Secured Claim of Deutsche Bank Trust Company secured by a mortgage on the real estate at 595 – 595A E. Sixth Street, South Boston, Massachusetts shall be paid in full on the Effective Date. Upon payment, Deutsche Bank Trust Company shall cause the appropriate discharge of mortgage to be delivered to the Debtor.

6.7     Class Seven - The allowed Secured Claim of Danversbank secured by real estate at 52 H Street, South Boston, Massachusetts has been satisfied in full out of the proceeds of prior sales of real estate approved by the Court. This Class is unimpaired.

6.8     Class Eight – The allowed Secured Claim of Bayview Mortgage Company, Inc. secured by real estate at 64 Edward Road, Marshfield, Massachusetts shall be paid from the net proceeds of sale of said real estate. To the extent said proceeds are insufficient to pay the claim in full, said claim shall be deemed an unsecured claim provided for in Class One. This Class is unimpaired.

6.9     Class Nine – The allowed Claim of the Town of Marshfield secured by a judicial lien on the real estate at 64 Edward Road, Marshfield, Massachusetts shall be deemed an unsecured claim and shall be provided for in Class One. The Town of Marshfield shall be paid the sum of $12,773.27. This Class is unimpaired.

ARTICLE VII

MEANS FOR IMPLEMENTATION OF THE PLAN

To the extent claims are not satisfied from the proceeds of sale of real estate, the Debtor will borrow, subject to the approval of the Court, sufficient sums to be secured by the Debtor's real estate to implement the balance of the payment provisions of the Plan.

## ARTICLE VIII

## UNITED STATES TRUSTEE PROVISION

The Debtor will be responsible for timely payment of quarterly fees incurred pursuant to 28 U.S.C. Section 1930(a)(6) until her case is closed or dismissed. After confirmation, the Debtor will serve the United States Trustee with a quarterly disbursement report for each quarter (or portion thereof) that the case remains open. The quarterly report shall be due fifteen days after the end of the calendar quarter. The quarterly financial report shall include the following:

(1) a statement of all disbursements made during the course of the quarter, by month, whether or not pursuant to the plan;

(2) a summary, by class, of amounts distributed or property transferred to each recipient under the plan, and an explanation of the failure to make any distributions or transfers of property under the plan; if any;

(3) a description of any other factors which may materially affect the Debtor's ability to complete its obligation under the plan; and

(4) an estimated date when an application for final decree will be filed with the court (in the case of the final quarterly report, the date the decree was filed).

## ARTICLE IX

## RETENTION OF JURISDICTION

The Court shall retain jurisdiction until the Plan has been fully consummated, including, but not limited to, the following purposes:

9.1 To enforce and interpret the terms and conditions of the Plan or any order previously entered in these Chapter 11 proceedings.

9.2 To hear, determine and authorize sales of the Debtor's property free and clear of liens, claims, encumbrances and interests pursuant to the provisions of 11 U.S.C. Sec. 363.

9.3     To hear and determine all Claims against the Debtor or against property of the estate which are not adjudicated or settled prior to the Confirmation Date and to determine participation, if any, under the Plan.

9.4     To hear and determine exemption claims and proceedings in the nature of the avoidance of judicial liens.

9.5     To hear, determine, and enforce any and all causes of action which the Debtor has brought or may bring to set aside liens or encumbrances or to recover any preferences, transfers, assets, or damages to which the estate may be entitled and to subordinate or disallow, in whole or in part, any Claim herein, under applicable provisions of the Code, or any Federal, State or local law, and to determine allowances of fees and disbursements of counsel in connection therewith.

9.6     To hear and determine any and all Claims arising from the assumption and assignment or rejection of executory contracts or unexpired leases and to consummate such assumption, assignment, or rejection.

9.7     To adjudicate all controversies concerning the classification of any claim or interest.

9.8     To liquidate damages in conjunction with any disputed, contingent, or unliquidated Claim.

9.9     To adjudicate all Claims of a security or ownership interest in any property of the estate or any proceeds thereof.

9.10    To adjudicate any Claim or controversy arising out of any purchase, sale, or contract made or undertaken by the Debtors during the tendency of these proceedings.

9.11    To recover all assets of the Debtor and all properties of the estate, wherever located.

9.12    To correct any defect, cure any omission or reconcile any inconsistency in the Plan or in the Order of Confirmation as may be necessary to carry out the purpose and intent of the Plan.

9.13  To modify the Plan after confirmation pursuant to the Bankruptcy Code and Rules.

9.14  To enter any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions, terms and conditions on such title, rights and powers as this Court may deem necessary.

9.15  To enter an Order concluding and terminating this case.

        Respectfully submitted,

        MARYANN McLEOD CRUSH
        By her Attorneys,
        STEPHEN E. SHAMBAN LAW OFFICES, P.C.

        By:   */s/Stephen E. Shamban*
            STEPHEN E. SHAMBAN (BBO 453300)
            P.O. BOX 850973, 222 FORBES ROAD STE. 208
            BRAINTREE, MA  02185-0973
            (781) 849-1136
            EMAIL:  sshamban@yahoo.com

DATED AT BRAINTREE, MASSACHUSETTS
THIS 26th  DAY OF JULY, 2010

jm:plan&discl.crush.plan.7.25.10

CERTIFICATE OF SERVICE

      I, Stephen E. Shamban, do hereby certify that on July 26, 2010 I electronically filed with the Clerk of the Bankruptcy Court: Plan of Reorganization and served same in the following manner upon the interested parties:

E-Mail Service:  via the Court's CM/ECF system which sent notification of such filing to the following:

- Eric K. Bradford     Eric.K.Bradford@USDOJ.gov
- Stefan E. Cencarik    sec@boston-legal.com, dbg@boston-legal.com;notices@boston-legal.com
- John Fitzgerald     USTPRegion01.BO.ECF@USDOJ.GOV
- Jonathon D. Friedmann    jfriedmann@rflawyers.com, jfriedmann@RFLawyers.com
- Joseph G. LaRusso    joseph.larusso@cityofboston.gov
- David A. Marsocci    dmarsocci@dolanconnly.com
- John M. McAuliffe    mcauliffeassociates@hotmail.com
- Paul J. Mulligan    bankruptcy@orlansmoran.com, anhsom@earthlink.net
- Daniel P. Ryan    daniel.p.ryan@irscounsel.treas.gov, &Bankruptcy.Boston@irscounsel.treas.gov

Mail Service:  via Regular, first-class united States mail, postage fully pre-paid, addressed to:

Sharon Crush
20 Wabanaki Way
Andover, MA 01810

Edward Donahue, CPA
Edward C. Donahue and Associates
299 Concord Ave
Cambridge, MA 02138

Glen Hannington
141 Tremont Street
Boston, MA 02111

MCM Properties, Inc.
Attn: Maryann McLeod Crush, President
917 East Broadway
South Boston, MA 02127

Ocwen Loan Servicing, LLC
Attn: Cashering Department
PO Box 24781
West Palm Beach, FL 33416-4781

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131

Saxon Mortgage Services, Inc.
1270 Northland Drive
Suite 200
Mendota Heights, MN 55120

Lisa Weisman
Adelson Loria & Weisman PC
20 Park Plaza
Boston, MA 02116


                                               */s/Stephen E. Shamban*
                                              STEPHEN E. SHAMBAN, ESQ.


Jm:plan&discl.crush.plan.7.26.10